Ted Reiss v. Commissioner.
Reiss v. Commissioner
Docket No. 6630-66.
United States Tax Court
T.C. Memo 1967-202; 1967 Tax Ct. Memo LEXIS 58; 26 T.C.M. (CCH) 996; T.C.M. (RIA) 67202; October 16, 1967
Sidney A. Mauriber, 305 Broadway, New York, N. Y., for the petitioner. Robert S. Gorin, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in petitioner's income tax for 1965 in the amount of $375.68. The only issue for decision is whether petitioner provided during 1965 more than one-half of the support of his two sons so as to be entitled to dependency exemptions for them under section 151, Internal Revenue Code of 1954. Findings of Fact Ted Reiss (herein called petitioner) *59 was a legal resident of Brooklyn, New York, at the time of filing his petition in this proceeding. He filed his Federal income tax return for the year 1965 with the district director of internal revenue for Manhattan, New York. Petitioner and Judith Reiss were formerly husband and wife. They were divorced in 1963 pursuant to a decree of the Domestic Relations Court of Kings County, New York. Petitioner and Judith have two sons, Mark and David. In the year 1965 Mark, who was 11, and David, who was 6, lived with their mother in the home of her father, Sol Richman, at 139 Irwin Street, Brooklyn. Pursuant to the decree of the Domestic Relations Court, the petitioner paid $1,677 in 1965 for the support of his sons. In addition, he contributed the following additional amounts for their support during 1965: Health insurance on sons $175
Clothing
250
Miscellaneous
260 The amount expended by petitioner for the support of his sons in 1965 totaled $2,362, or $1,181 for each child. The total amount expended, from all sources, for the support of Mark and David during the year 1965 was not less than $5,725, and consisted of the following items: Food
$1,200
Shelter
1,300
Clothing
500
Medical and dental care
300
Health insurance
175
Hebrew School
150
Summer camp
1,400
Miscellaneous, including child care
expense and transportation
700
*60 Petitioner did not provide more than one-half of the total support of his sons in 1965. Opinion Section 151 of the Internal Revenue Code of 1954 allows a dependency deduction for each exemption provided in such section. Insofar as pertinent to this case, section 151(e) provides a $600 exemption for each dependent who is a child of the taxpayer and has not attained the age of 19. A "dependent" is defined by section 152 to include a son, if over one-half of his support was received from the taxpayer. In order to sustain the dependency deductions, the petitioner must show that his two sons were his "dependents" during the taxable year and, as to each element of the deductions, he has the burden of proof. Rule 32, Tax Court Rules of Practice. There is no dispute over the fact that both of the claimed dependents were children of the petitioner and under the age of 19. The sole element of contention is whether the petitioner provided over one-half of their support during 1965. In that connection, the respondent's regulations provide as follows: Sec. 1.152-1 General definition of a dependent. * * *
(2)(i) For purposes of determining whether or not an *61 individual received for a given calendar year, over half of his support from the taxpayer, there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied. The term "support" includes food, shelter, clothing, medical and dental care, education and the like. Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item. If the item of support furnished an individual is in the form of property or lodging, it will be necessary to measure the amount of such item of support in terms of its fair market value. We have allowed the petitioner all amounts he expended for the support of his sons except for $102 he paid in insurance premiums on his life under policies which named his sons as beneficiaries. See Aaron F. Vance, 36 T.C. 547, 550 (1961). We have determined the approximate total amount expended for the support of Mark and David in 1965 from the credible testimony of Judith Reiss and her father, Sol Richman. While the amount so determined might not be *62 precisely accurate, it is certainly within a reasonable range of the total support provided for these children. Suffice it to say that we are satisfied on this record that the petitioner did not provide more than one-half of the support of his sons in the year 1965. Under the circumstances we must approve respondent's disallowance of the claimed dependency deductions. Decision will be entered for the respondent.